UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARILYN HALLEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:13-0816 |
| v. ) | Judge Campbell/Brown |
| ) | **Jury Demand** |
| TENNESSEE DEPARTMENT ) | |
| OF CHILDREN'S SERVICES, ) | |
| ) | |
| Defendant ) | |

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be DISMISSED without prejudice for failure to obtain service of process and to obey court orders.

### BACKGROUND

The Plaintiff, with the assistance of an attorney, filed a complaint on August 14, 2013, against the Tennessee Department of Children's Services. The Plaintiff alleges that on October 14, 2012, an employee of the Tennessee Department of Children's Services approached the Plaintiff in an aggressive and violent manner while acting in the course of the employee's employment with the Defendant. She alleges that the employee's action caused her to fear an eminent injury and to flinch and move backwards. When she did so she tripped and struck her head on the fence, resulting in injuries to her head and her body. She further alleges that she suffers from a condition known as Adiposis Dolorosa, also known as Dercum's disease, which can cause severe and life-threatening

tumors to develop, and that this condition is exacerbated by physical trauma. She alleges that the action of the employee in fact exacerbated her Dercum's disease. She alleges that this activity by the employee constituted negligence, for which the Defendant is responsible under the principals of *respondeat superior*. She further alleges in Count 2 that the Defendant negligently supervised this employee. In Count 3 she alleges a Tennessee common law act of assault.

The matter was referred to the undersigned for case management (Docket Entry 4). On October 15, 2013, Plaintiff's counsels moved to withdraw as attorneys of record in the matter because of irreconcilable differences with their client (Docket Entry 10). This motion was granted on October 15, 2013 (Docket Entry 11). The Plaintiff was given 30 days to retain new counsel.

As a result of the withdrawal, the Magistrate Judge reset the case management conference for December 16, 2013 (Docket Entry 13). In that order the Magistrate Judge specifically cautioned the Plaintiff that under Rule 4(m) of the Federal Rules of Civil Procedure she had 120 days within which to serve the Defendant, and that the record did not show that service of process had yet been obtained on the Tennessee Department of Children's Services. She was specifically warned that if she failed to obtain service of process within 120 days, her case was subject to dismissal without prejudice for failure to prosecute.

The docket sheet reflects that certified mail sent to the Plaintiff (Docket Entries 11 and 13) were signed for at the Plaintiff's address by M.A. Todd as her agent.

At the appointed time on December 16, 2013, the Plaintiff did not appear at the scheduled hearing and the docket sheet does not show that the Defendant has ever been served.

**LEGAL DISCUSSION**

Rule 4(m) is quite specific in providing that "If a defendant is not served within 120 days after the complaint is filed, the Court–on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff was specifically warned on October 16, 2013, that she was required to obtain service of process within 120 days, or the case was subject to dismissal. The Magistrate Judge would certainly have considered allowing the Plaintiff some additional time for service of process had she made such a request. Unfortunately, the Plaintiff neither made such a request, nor attended the case management conference, which was set for December 16, 2013.

Failure to obey court orders can also justify dismissal of the case. In this case the Plaintiff has filed nothing with the court since her attorneys were allowed to withdraw. She has failed to obtain service of process as directed, and she failed to appear at a scheduled court hearing. A court must be able to control its docket and to move its cases forward. In this case, both the

3

failure to obtain service of process and the failure to attend a scheduled hearing, frustrates the court's ability to do that. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

Under the Sixth Circuit test, as set forth in *Tetro*, the Magistrate Judge can only conclude that the Plaintiff's not appearing without explanation is willful, that it prejudices the Defendant from being able to marshal facts while they are reasonably fresh, that the Plaintiff has been warned specifically about the consequences of her action. The Magistrate Judge would have readily considered less drastic remedies had the Plaintiff simply requested additional time or appeared for the scheduled hearing.

While failing to obey court orders could justify a recommendation that the case be dismissed with prejudice, the Magistrate Judge believe that a lesser sanction of dismissal without prejudice may be sufficient.[1]

The Magistrate Judge would note that although the Plaintiff alleges causes of action against an unnamed employee for negligence and assault, that the individual employee is not named or sued in the complaint.

---

[1] Given the Tennessee one-year statute of limitations, even allowing for the time this case was pending in federal court, it may be that any refiling of the lawsuit may be outside that one-year period.

4

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be DISMISSED without prejudice for failure to obtain service of process and to obey court orders in the prosecution of her case.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 18th day of December, 2013.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge